UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS SECURITIES LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GREGORY M. LEITNER,<br><br>　　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT<br>AND INJUNCTIVE RELIEF** |

Plaintiff UBS Securities LLC ("UBS Securities") alleges the following:

## NATURE OF THE CASE

1. UBS Securities brings this action to enjoin Defendant Gregory M. Leitner ("Defendant") from arbitrating a dispute against UBS Securities, given the absence of any agreement between the parties to submit disputes to arbitration or any customer relationship whatsoever creating an obligation to arbitrate.

2. On or about February 8, 2017, Defendant filed a Statement of Claim (the "SOC") with the Financial Industry Regulatory Authority ("FINRA") entitled *Gregory M. Leitner vs. UBS Securities LLC*, FINRA Case No. 17-00350 (the "Arbitration") and naming UBS Securities as the sole respondent.

3. Defendant alleges in the Arbitration that he is a "customer" of UBS Securities within the meaning of Rule 12200 of FINRA's Code of Arbitration Procedure (the "Code") and that his "customer" status entitles him to arbitrate his dispute against UBS Securities regarding his purchase of an ETRACS 2x Monthly Leveraged Long Alerian MLP Infrastructure Index ("MLPL") security as set forth in the Arbitration.

1

4. Defendant alleges in the Arbitration that he purchased the subject MLPL security on a "public exchange" through a "self-directed" 401-K retirement account.

5. Defendant and UBS Securities did not execute an agreement to submit disputes between them to arbitration, whether through FINRA or otherwise.

6. Defendant did not maintain a brokerage account at UBS Securities, and did not purchase the subject MLPL security from a brokerage account at UBS Securities.

7. UBS Securities has no known contractual agreements whatsoever with Defendant.

8. Defendant is not a customer of UBS Securities.

9. Rule 12200 of the Code obligates UBS Securities, as a member of FINRA, to arbitrate certain disputes with its customers. Rule 12200 does not, however, obligate FINRA members to arbitrate disputes with *non*-customers.

10. Defendant does not allege that he purchased any securities from UBS Securities, except indirectly through his "self-directed" 401-K retirement account, nor does he allege the existence of any contract between him and UBS Securities.

11. UBS Securities has no legal or other obligation to arbitrate the claims asserted in the Arbitration.

12. Accordingly, UBS Securities commences this action for a declaration that it has no obligation to arbitrate Defendant's claims, and to permanently enjoin Defendant from proceeding with the Arbitration against UBS Securities.

13. Absent injunctive relief, UBS will sustain immediate and irreparable harm for which it will have no adequate remedy at law as it will be forced to arbitrate the dispute set forth in the Arbitration in the absence of any agreement to arbitrate. Courts in this District routinely grant injunctive relief to prevent this harm and should do so here.

## PARTIES

14. UBS Securities is a Delaware corporation with its principal place of business in New York, New York.

15. Defendant Gregory Leitner is the sole claimant in the Arbitration. Upon information and belief, Defendant is a resident of the State of Tennessee.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship.

17. This Court has personal jurisdiction over this dispute because the Arbitration will be heard in New York and because Defendant's actions and occurrence giving rise to this dispute occurred in New York.

18. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the Arbitration will be heard in New York and because a substantial part of the events and occurrences giving rise to this dispute occurred in New York.

## FACTUAL BACKGROUND

19. Defendant initiated the Arbitration on or about February 8, 2017 by filing the Arbitration with FINRA and providing a copy of the Arbitration to UBS Securities.

20. The Arbitration alleges Defendant began purchasing MLPL securities through his "self-directed" retirement account in or around 2015, and ultimately purchased 19,328 shares of MLPL at a cost basis of $754,476.00.

21. Exchange-traded notes, such as MLPLs, are a type of debt security, the returns of which are linked to an index.

22. The MLPLs were issued by UBS AG and traded on the NYSE Arca Exchange.

23. The MLPL securities were underwritten by UBS Securities.

24. UBS Securities did not issue or sell MLPL securities to Defendant.

25. Defendant alleges that he purchased the subject MLPL securities through his "self-directed" 401-K retirement account, and does not allege that he purchased them directly from UBS Securities or any affiliate.

26. Defendant does not allege any agreement, written or otherwise, between Defendant and UBS Securities—or any UBS affiliate—to arbitrate any disputes between them.

27. Rule 12200 of the Code requires FINRA members to arbitrate certain disputes with customers when "requested by [a] customer."

28. Courts in this District and elsewhere have repeatedly interpreted Rule 12200 of the Code to provide that a "customer" is one who purchases goods or services from a FINRA member, or has an account with a FINRA member, and have enjoined FINRA arbitrations where the defendant investor did not have a brokerage account with the plaintiff and did not purchase services or commodities from plaintiff, but instead purchased those securities from another party.

29. Defendant did not maintain a brokerage account with UBS Securities.

30. Defendant did not purchase the MLPL securities from UBS Securities.

31. Defendant did not receive investment advice from UBS Securities.

32. UBS Securities did not receive remuneration for the sale or provision of goods or services from Defendant.

33. UBS Securities requires the relief sought herein to enjoin arbitration of the claims set forth in the Arbitration without UBS Securities' consent, and will be imminently and irreparably harmed by the absence of such relief.

34. Defendant will suffer no harm or prejudice if this Court grants UBS Securities' requested relief.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

35. UBS Securities repeats the foregoing allegations as if fully set forth herein.

36. UBS Securities has no agreement, written or otherwise, to arbitrate any disputes with Defendant, including the dispute and claims described in the Arbitration.

37. Defendant is not a "customer" of UBS Securities under Rule 12200 of the Code.

38. Declaratory relief is appropriate because the dispute between UBS Securities and Defendant is concrete and imminent.

39. Accordingly, UBS Securities respectfully requests that the Court declare that the Arbitration may not be arbitrated against UBS Securities and that UBS Securities has no obligation to submit to arbitrate the Arbitration.

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief)

40. UBS Securities repeats the foregoing allegations as if fully set forth herein.

41. UBS Securities has no agreement, written or otherwise, to arbitrate any disputes with Defendant, including the dispute and claims described in the Arbitration.

42. Defendant is not a "customer" of UBS Securities under Rule 12000 of the Code.

43. UBS Securities will suffer immediate and irreparable harm if it is forced to arbitrate claims that it did not agree to arbitrate and is not obligated to arbitrate.

44. UBS Securities has no adequate remedy at law.

45. The balance of the equities favors enjoining the Arbitration.

46. The public interest will be served by enjoining the Arbitration.

47. Accordingly, UBS Securities respectfully requests that the Court enjoin Defendant from arbitrating the claims set forth in the Arbitration against UBS Securities.

**PRAYER FOR RELIEF**

WHEREFORE, UBS Securities respectfully requests that the Court:

(a) Declare that UBS Securities has no obligation to arbitrate any claims with Defendant, including those alleged in the Arbitration;

(b) Enjoin Defendant from arbitrating the Arbitration or any related claims against UBS Securities; and

(c) Any other relief that the Court believes is just and proper.

Dated: February 23, 2017

KATTEN MUCHIN ROSENMAN LLP

David L. Goldberg
Margaret J. McQuade
575 Madison Avenue
New York, New York  10022
Phone: (212) 940-8800
david.goldberg@kattenlaw.com
margaret.mcquade@kattenlaw.com
*Attorneys for UBS Securities LLC*